### Rufus K. Porter *versus* Solomon M. Foster.

Where the plaintiff delivered his horse to another to be kept until a note given for the price became due or was previously paid, and before the time of payment the horse was sold to the defendant by the bailee without notice of the plaintiff's claim, and the defendant, after having had notice of the plaintiff's rights, continued to use and claim the horse as his own after the time limited for the payment of the note had expired without payment; this amounts to a conversion, and the plaintiff may maintain trover without a demand of the horse.

The neglect of a party to proceed against one who is known to have taken and used his property unlawfully, does not deprive him of his right to do so, until the statute of limitation interposes.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

Trover for a horse, the writ bearing date April 5, 1839.

On Oct. 6, 1836, the plaintiff bargained for and sold a horse to one Atkins Gardner, and at the same time took Gardner's note for the purchase money, with the exception of $5, paid, payable in eight months; and on the same paper took from Gardner an instrument of the following tenor. " As collateral security for the above note, I hereby convey to said R. K. Porter the bay horse which I purchased of him — and which he is to let me have to use until the time of payment of said note. Oct. 6. 1836. Atkins Gardner." At the time the papers were executed, the horse was standing in the yard of the plaintiff, in the wagon of Gardner, who had the horse for trial. December 1st, 1836, Gardner delivered this horse to the defendant in exchange for another. About Feb. 1st,

1837, Foster knew of the claim of the plaintiff upon the horse ; and in September, 1838, knew that the note was not paid.   It was in evidence that Foster used the horse after the expiration of the eight months; 'that the horse was for a time in the possession of a person to whom the defendant had sold several horses, and came back again into the hands of the defendant, and was used by him before the commencement of this suit.   There was no proof of any demand of the horse by the plaintiff of the defendant.

The defendant requested the Judge to instruct the jury, that there had been no such delivery of the horse to the plaintiff by Gardner, as to give the plaintiff a lien upon the horse as against a *bona fide* purchaser without notice of his claim ; that a demand on the defendant for the horse prior to the bringing of the action, was necessary ; and that there had been such negligence on the part of the plaintiff as to forfeit his lien on the horse, if any he had, as against the defendant.

The Judge declined to give the instructions requested by the defendant, and ruled on the several points against him.   Exceptions were filed by the defendant.

*D. T. Granger*, for the defendant, argued in support of the second and third grounds taken in the District Court.   To show, that under the circumstances of the case a demand was necessary, he cited 3 Dane, 191, 209 ; *Van Amringe* v. *Peabody*, 1 Mason, 440.   In all the cases found on this subject, it either appeared that a demand had been made, or that no point was made on the subject, such as *Lunt* v. *Whitaker*, 1 Fairf. 310 ; *Tibbetts* v. *Towle*, 3 Fairf. 341 ; *Lane* v. *Borland*, 2 Shepl. 77 ; *Ingraham* v. *Martin*, 3 Shepl. 373.

*Porter* and *Thacher*, argued for the plaintiff, and cited *Jewett* v. *Warren*, 12 Mass. R. 300 ; Story on Bailm. 201 ; *Galvin* v. *Bacon*, 2 Fairf. 28.

The opinion of the Court, was by

SHEPLEY J. — The contract between the plaintiff and Gardner secured to the latter the right to keep and use the horse until his note became due, but no longer.   His neglect to pay

at that time would put an end to these rights ; and the exercise of acts of ownership would be without right and unlawful. He could not convey to the defendant greater rights or place him in a position more favorable, than his own.   The defendant, though ignorant of the title of the plaintiff at the time of his trade with Gardner, was informed of it, before the note became due, and continued, after he knew that it was not paid at maturity, to claim and use the horse.   Being no longer able to make out a justification of these acts, they amounted to a conversion, as decided in *Galvin* v. *Bacon,* 2 Fairf. 28.

The case of *Vincent* v. *Cornell,* 13 Pick. 294, cited for the defendant, differs from this case.   In that the defendant had parted with the possession, and did not exercise any act of ownership or control after the plaintiff became legally entitled to possession.   In this, when the defendant was in the unlawful use, and when the action was commenced he had the right of property and the right to possession.

The neglect of a party to proceed against one, who is known to have taken and used his property unlawfully, does not deprive him of his right to do so, until the statute of limitations interposes.

The other point made at the trial was not insisted upon here.                                        *Exceptions overruled.*